

FILED
DARLENE MASSINGIL
CIRCUIT CLERK
CONWAY COUNTY

SEP 2 5 2013

AM ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ PM
7｜8｜9｜10｜11｜12｜1｜2｜3｜4｜5｜6

IN THE CIRCUIT COURT OF CONWAY COUNTY, ARKANSAS
CIVIL DIVISION 2

JUDY L. BARKER                                              PLAINTIFF

vs.                         CASE NO CIV-2013-107

WELLS FARGO HOME MORTGAGE, INC.
and ATHENE ANNUITY & LIFE
ASSURANCE COMPANY                                           DEFENDANTS

## COMPLAINT
## AND
## PETITION FOR DECLARATORY JUDGMENT

Comes now the Plaintiff Judy L. Barker, individually and as the widow of Jacob E. Barker, files this her Complaint against Wells Fargo Home Mortgage, and Anthene Annuity and Life Assurance Company for damages for breach of contract, and for a Declaratory Judgment cancelling the deed of trust on real property located in Conway County, Arkansas. In support of her Complaint, the Plaintiff would show the Court as follows:

1. The Plaintiff is a resident of Conway County, Arkansas.

Defendant Wells Fargo Home Mortage, Inc. is a foreign corporation registered in the State of Arkansas. The agent for service of process is: Corporation Service Company, 101 South Spring Street, Ste 200, Little Rock, AR. 72201.



EXHIBIT
"1"

Defendant Athene Annuity & Life Assurance Company is a foreign insurance company whose agent for process in the State of Arkansas is: Corporation Service Company, 300 Spring Building, Suite 900, Little Rock, AR. 72201.

The real property the subject of the declaratory judgment action is described as: #10 Barker Road, Morrilton, Conway County, AR.

2. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

3. This Complaint is based upon breach of contract. The Plaintiff Judy L. Barker and her late husband Jacob E. Barker had two different life insurance policies that were tied to their home mortgage. **The responsible parties have failed to honor the terms of** such contracts since the accidental death of Jacob E. Barker on May 14, 2013. A copy of his death certificate is attached hereto and incorporated herein.

4. On or about April 11, 1997, the Plaintiff and her now deceased husband executed a promissory note in favor or TMS Mortgage, Inc. dba The Money Store which note was secured by real property located in Conway County, Arkansas. A copy of such Note is attached hereto as Exhibit 2 and is incorporated herein by reference as if fully and at large set forth at this point.

5. Such promissory note included the legend on page 2:

LOAN 44,864.07

CREDIT LIFE 5,535.930 360 MONTHS

$50,400.00 May 1, 1997    $461.03
June

The Plaintiff was told that Credit Life Insurance was available to her at the cost of $5,535.93, which amount was included as a part of the principal in the promissory note.

6. Simultaneously with the execution of the promissory note on or about April 11, 1997, the Plaintiff and her deceased husband executed a Deed of Trust. A copy of such Deed of Trust is attached hereto as Exhibit 3 and is incorporated herein as if fully and at large set forth at this point.

7. The Plaintiff and her now deceased husband executed the required option as required on page 2 indicating that they wanted the credit life insurance and agreed to pay $5,535.93 for $50,400.00 of coverage.

8. The credit life insurance coverage was a part of the Plaintiff's monthly payment which were timely made as required by the promissory note and deed of trust.

9. **At some point in time between 1997 and 2004, the promissory note and deed** of trust were sold, transferred or assigned to HomEq Servicing Corporation. The Plaintiff's account was given the number 0086938305. In February of 2004, the Plaintiff and her husband were offered a second insurance policy which was linked to the Plaintiff's mortgage, whcih was now being serviced by HomEq Servicing Corporation.

10. On or about February 25, 2004, the Plaintiff and her husband completed and signed an application for decreasing Accidental Death Insurance at a cost of $8.66 per month. A copy of such application is attached hereto as Exhibit 4, and is incorporated herein as if fully and at large set forth at this point.

11. The application was accepted by the insurer, Liberty Life Insurance Company with an effective date of May 1, 2004. The policy/certificate was issued as No. 004464966S on the life of Jacob E. Barker and Judy L. Barker. A document detailing the insureds and the certificate number is attached here to as Exhibit 5, and is incorporated herein as if fully and at large set forth at this point.

12. On or about September 1, 2010, the promissory note and mortgage was sold, transferred or assigned to Wells Fargo Home Mortgage. The Plaintiff and her husband received notice of such transfer on or about August 31, 2010. A copy of the notice from Wells Fargo Home Mortgage is attached hereto as Exhibit 6, and is incorporated herein as if fully and at large set forth at this point. The loan was assigned a new number by Wells Fargo as 05087198579. Such notice also included the statement on page 1: "If you have credit life insurance or optional products on your mortgage, your coverage will continue and there is no action required of you."

13. With such assurance from Wells Fargo Home Mortgage, the Plaintiff and her **husband continued to make the regularly scheduled mortgage payments, which** included the credit life insurance, and the additional $8.66 for the accidental death insurance policy.

14. The Plaintiffs received monthly billings from Wells Fargo Home Mortgage. A copy of the monthly statement from August 8, 2013 is attached here to as Exhibit 7 and is incorporated herein as if fully and at large set forth at this point. The billing clearly indicates a principal payment of $461.03, which is the amount stated in the promissory note (Exhibit 2) that included that credit life insurance; and $8.66 per month premium for the accidental death policy (Exhibit 5).

15. After the death of Jacob Barker on May 14, 2013, the Plaintiff notified Wells Fargo Home Mortgage and completed the necessary paperwork for Athena Annuity & Life Assurance Company. Wells Fargo Home Mortgage is responsible for the original credit life policy and Athena Annuity & Life Assurance Company is responsible for the decreasing Accidental Death Policy. Attached hereto is a copy of a letter dated

August 20, 2013 from Athene Annuity & Life Assurance Company which is attached as Exhibit 8 and incorporated herein as if fully and at large set forth at this point.

16. The Plaintiff then received the "Notice" from Athene Annuity & Life Assurance Company that the Accidental Death Policy had lapsed because the loan had been paid off. (Exhibit 9) After receiving the "Notice", the Plaintiff received from Athene Annuity & Life Assurance Company a form entitled "Request for Cancellation" (Exhibit 10).

17. Even though the mortgage was to be paid through June 30, 2013 (Exhibit 9), the Plaintiff has continued to be billed by Wells Fargo Mortgage Company (Exhibit 7). **The August 8, 2013 billing received from Wells Fargo Mortgage Company** acknowledges that Mr. Barker is deceased (Exhibit 7).

18. The Plaintiff has been damaged in the amount of the benefits which were to be provided under the credit life insurance policy (Policy #1) and the accidental death policy (Policy #2). Further, the present outstanding mortgage should be marked "paid in full" and released on the Deed Records of Conway County, Arkansas. Further, any payments of principal, interest or insurance payments paid by the Plaintiff since her husband death should be reimbursed to her.

The Plaintiff is entitled to a declaratory judgment against the Defendant declaring that the promissory note (Exhibit 2) has been fully satisfied, and that the deed of trust (Exhibit 3) be released on the deed records of Conway County, Arkansas.

19. It was necessary for the Plaintiff to retain the undersigned attorney to prosecute this action for breach of contract. The Plaintiff is entitled to recover her reasonable attorney's fees and costs.

Wherefore, the Plaintiff prays that the Defendants be summoned to appear and answer herein; that she recover her damages as set forth herein; that she recover her reasonable attorney's fees and court costs for breach of contract; that the Court declare that the promissory note in question has been fully satisfied, and that the deed of trust be released; and that the Plaintiff have such other and further relief to which she may be entitled at law or in equity.

Respectfully submitted,
JOHN D. VAN KLEEF
Attorney at Law
P.O. Box 9246
Russellville, AR. 72811
479-967-9246

John D. Van Kleef
ABN: 88052

# STATE OF ARKANSAS

**ARKANSAS DEPARTMENT OF HEALTH**
Vital Records
**CERTIFICATE OF DEATH**

R-10

| Field | Value |
|---|---|
| 1. Decedent's Legal Name | Jacob Edward Barker |
| 2. Sex | Male |
| 3a. Date of Death | May 14, 2013 |
| 3b. Time of Death | 07:07 PM |
| 4. Social Security No | 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 |
| 5a. Age – Last Birthday | 70 |
| 6. Date of Birth | June 19, 1942 |
| 7. Birthplace | Morrilton, AR |
| 8a. Residence State | Arkansas |
| 8b. County | Conway |
| 8c. City or Town | Morrilton |
| 8d. Number and Street | #10 Barker Rd |
| 8f. Zip Code | 72110 |
| 8g. Inside City Limits? | No |
| 9. Ever in US Armed Forces? | No |
| 10. Marital Status at Time of Death | Married |
| 11. Surviving Spouse's Name | Judy Petty |
| 12a. If Death Occurred in a Hospital | — |
| 12b. If Death Occurred Somewhere Other Than a Hospital | Decedent's Home |
| 12c. County of Death | Conway |
| 12d. Facility Name | #10 Barker Rd |
| 12e. City or Town | Morrilton |
| 12f. Zip Code | 72110 |
| 13. Father's Name | Robert Don Barker |
| 14. Mother's Name Prior to First Marriage | Minnie Mathis |
| 15a. Informant's Name | Judy Barker |
| 15b. Relationship to Decedent | Wife |
| 15c. Mailing Address | #10 Barker Rd Morrilton, AR 72110 |
| 16a. Method of Disposition | Burial |
| 16b. Place of Disposition | Quattlebaum Cemetery |
| 16c. Location | Bee Branch, AR |
| 17a. Embalmer's Name | Scott Grimmett |
| 17b. Embalmer's License # | 2433 |
| 17d. Name and Complete Address of Funeral Facility | Bob Neal and Sons Funeral Home #5 Bruce St. Morrilton, AR 72110 |
| 17e. License # | 290 |
| 18a. Date Pronounced Dead | May 14, 2013 |
| 18b. Time Pronounced Dead | 07:07 PM |
| 18c. Name and Title of Person Pronouncing Death | Jason McCoy, Coroner |
| 19. Was Medical Examiner or Coroner Contacted? | Yes |

**20. CAUSE OF DEATH**

PART I.
- Immediate Cause: Acute Cardiopulmonary Arrest — Interval: Instant
- Cerebrovascular Accident — Interval: days

PART II. Chronic Obstructive Pulmonary Disease

| 21a. Was an Autopsy Performed? | No |
|---|---|
| 21b. Were Autopsy Findings Available to Complete the Cause of Death? | — |
| 22. Manner of Death | Natural |
| 23. Did Tobacco Use Contribute to Death? | Yes |

26a. Certifier: Coroner – On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date, and place, and due to the cause(s) and manner stated

Signature: Jason McCoy
Title: Coroner
Date: 5/16/13

26b. Name and Complete Mailing Address: Jason McCoy, Coroner 30 Southern Valley Dr. Morrilton, AR 72110

27a. Signature of Registrar: Joan Hill Deputy Registrar
27b. For Registrar Only - Date Filed: May 20, 2013

---

THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE CERTIFICATE ON FILE IN THE ARKANSAS DEPARTMENT OF HEALTH

SEAL – ARKANSAS DEPARTMENT OF HEALTH, LITTLE ROCK, ARK.

MAY 20 2013

Paul W Johnson
State Registrar

**WARNING:** A REPRODUCTION OF THIS DOCUMENT RENDERS IT VOID AND INVALID. DO NOT ACCEPT UNLESS EMBOSSED SEAL OF THE ARKANSAS DEPARTMENT OF HEALTH IS PRESENT. IT IS ILLEGAL TO ALTER OR COUNTERFEIT THIS DOCUMENT.

3613785

VR-112

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER. THIS IS WATERMARKED PAPER. DO NOT ACCEPT WITHOUT FIRST HOLDING TO LIGHT TO VERIFY WATERMARK.

0086938305

# NOTE

April 11, 1997
Date

**10 Barker Rd, Morrilton, AR 72110-0000**

Property Address

1. **BORROWER'S PROMISE TO PAY**
    In return for a loan that I have received, I promise to pay Fifty Thousand, Four Hundred and 00/100
    Dollars (U.S. $ 50,400.00 )
(this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is TMS Mortgage Inc., dba The Money Store
I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note and who is entitled to receive payments under this Note will be called the "Note Holder."

2. **INTEREST**
    I will pay interest at an annual rate of 10.500 %
    Interest will be charged on unpaid principal beginning on May 1, 1997 , and will continue until the full amount of principal has been paid. Interest shall continue to accrue at this rate after the maturity or default of this loan.

3. **PAYMENTS**
    I will pay principal and interest by making payments each month in the sum of U.S. $ 461.03 ("monthly payments").
    I will make my monthly payments on the First day of each month beginning on June 1, 1997

    I will make monthly payments every month until I have paid all of the principal and interest and any other fees or charges, described below, that I may owe under this Note. If, on May 1, 2027 , any sum still remains unpaid, I will pay what I owe in full on that date. All monthly payments received by Note Holder shall be applied first to accrued interest and the remainder, if any, to the principal.
    If I owe the Note Holder any late charges, or other fees or charges ("other charges"), they will be payable upon demand of the Note Holder. Unless prohibited by law, the application of payments may be affected by the imposition of other charges. Therefore, payments of other charges, whether paid to the Note Holder in addition to the monthly payment or separately, will be applied in a manner at the absolute discretion of the Note Holder, subject to applicable law.
    I will make my monthly payments at P.O. Box 1058, Newark, NJ 07101-1058
or at a different address if required by the Note Holder.

4. **BORROWER'S FAILURE TO PAY AS REQUIRED**
    **(A) Late Charge for Overdue Payments**
    If the Note Holder has not received the full amount of any of my monthly payments by the end of 10 calendar days after the date it is due, I will promptly pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my full monthly payment. I will pay this late charge only once on any late monthly payment.
    **(B) Default**
    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

ARKANSAS NOTE (ACTUARIAL) (9603) *Copy - Customer*
M001-1AR Page 1 of 3

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 10 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees, foreclosure fees and court costs.

**(F) Check Collection Charges**

If I present the Note Holder with a check, negotiable order of withdrawal, share draft or other instrument in payment that is returned or dishonored for any reason, I will pay a check collection charge to the Note Holder. The amount of the charge will not be greater than U.S. $ 15.00

**5. THIS NOTE SECURED BY A SECURITY INSTRUMENT**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), on real property (the "Property") described in the Security Instrument and dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. The Security Instrument describes how and under what conditions I may also be required to make immediate payment in full of all amounts I owe under this Note. I agree to these conditions. Some of these conditions are as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**6. BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

Subject to the application of payments described in Section 3, I have the right to make payments of principal at any time before they are due. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

If I make a partial prepayment equal to one or more of my monthly payments, my due date may be advanced no more than one month. If I make any other partial prepayment, I must still make each later payment as it becomes due and in the same amount.

I may make a full or partial prepayment at any time. However, if within the first 60 months from the date of this loan I make any prepayment(s) within any 12-month period whose total amount exceeds 20% of the original principal amount of this loan, I will pay a prepayment charge equal to six months' interest on the amount by which the total of my prepayment(s) within that 12-month period exceeds 20% of the original principal amount of this loan.

**7. BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors," "sureties" and "endorsers."

8. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail addressed to me at the Property Address described in the Security Instrument. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

9. **RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note. This Note is intended by Lender and me as a complete and exclusive statement of its terms, there being no conditions to the enforceability of this Note. This Note may not be supplemented or modified except in a writing signed by me and the Note Holder. This Note benefits Lender, its successors and assigns, and binds me and my heirs, personal representatives and assigns.

10. **APPLICABLE LAW**

This Note shall be governed by the laws of the State of Arkansas. If a law which applies to this loan and sets maximum loan charges is finally interpreted so that the interest and other charges collected or to be collected in connection with this loan exceed the permitted limits, then: (A) any such interest or other charge shall be reduced by the amount necessary to reduce the interest or other charge to the permitted limit; and (B) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

11. **BORROWER'S COPY**

I hereby acknowledge receipt of a filled-in copy of this Note.

```
LOAN     44,864.07
CREDIT LIFE 5,535.930    360 MONTHS
         50,400.00    May 1, 1997  $461.03
                      JUNE
```

_____ (Seal)    _____ (Seal)
Jacob E Barker          -Borrower         Judy L Barker          -Borrower

_____ (Seal)    _____ (Seal)
                        -Borrower                                 -Borrower
                                                          (Sign Original Note Only)

This instrument prepared by, or
under the supervision of
None

After recording return to:
The Money Store/Packaging
P.O. Box 160128
Sacramento, CA 958160128

0086938305

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on   April 11, 1997
The trustor is Jacob E. Barker And Judy L. Barker, Husband And Wife,

("Borrower").

The trustee is  Greg Hartenberger

("Trustee").

The beneficiary is TMS Mortgage Inc., dba The Money Store

which is organized and existing under the laws of  New Jersey
and whose address is  1625 North Market Blvd., 3rd Floor
Sacramento, CA 95834

("Lender").

Borrower owes Lender the principal sum of  Fifty Thousand, Four Hundred and 00/100

Dollars (U.S. $ 50,400.00         ), together with interest. This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on  May 1, 2027         . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under Paragraph 8 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For these purposes, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in
Conway                                County, Arkansas
(SEE EXHIBIT 'A' ATTACHED)

ARKANSAS DEED OF TRUST (9612) Copy - Customer
M003-1AR                                              Page 1 of 7

*due 3rd month 468.83*



EXHIBIT
3
(2 pays)

0086938305

## OPTIONAL CREDIT INSURANCE

...dit insurance options available below are not required to obtain credit, and will not be provided unless you sign and agree to pay
...ditional cost.

### EXAMINE THE INSURANCE CERTIFICATE FOR FULL DETAILS OF COVERAGE

| | Premium | Insurance Term in Months (if different than loan term) | Amount of Insurance (if different than loan amount) |
|---|---|---|---|
| ...it Life<br>...nt credit life insurance: | | | |
| Credit Life<br>...ant joint credit life insurance:<br>...b E Barker<br>...ot E Barker | $5,535.930 | 360 | $50,400.000<br>Judy L Barker<br>Judy L Barker |

/ be entitled to a credit of unearned premium if the optional insurance you chose above is denied by the insurer or cancelled by ... such an event, the unearned premium for your insurance, if financed and included in your note, will be applied to the loan owing under the terms of your note.

e read this form and made the choice(s), indicated above, prior to consummating the loan. If no choices are indicated, I/we do ... any of the optional insurance coverage shown, or have been advised that such coverage is not available due to size of loan or due ... or age limitations.

...owledge receipt of a copy of this form.

...ot E Barker — 4-11-99 — Judy L Barker

Box 789   Greenville, SC 29602-0789

You're Pre-Approved for **$ 48,123.00** of
Decreasing Accidental Death Insurance.
Your acceptance is guaranteed if you are between the ages of 18 and 69   LIDN # 0086938305

**PL# 004464966S**

MAR 09 2004

☐ Sign me up for
Decreasing Accidental Death Insurance
at $ 5.77 per month

☒ Sign both of us up for
Decreasing Accidental Death Insurance
at $ 8.66 per month

Remaining Term 24

Jacob E Barker
Judy L Barker
10 Barker Rd
Morrilton, AR 72110-9195

**Please Print**

| Name of Applicant | Date of Birth | Sex | Second Applicant (if joint coverage wanted) | Date of Birth | Sex |
|---|---|---|---|---|---|
| JACOB E BARKER | 6-19-42 | ☒ M | JUDY L BARKER | 7-11-53 | ☒ F |
| Daytime Telephone Number | Evening Telephone Number | | E-Mail Address | | |
| 501 477-5134 | (   ) SAME | | | | |
| Beneficiary Name   HomEq Servicing Corporation | | | Secondary Beneficiary (not applicable in TX) | | |
| JUDY L BARKER | | | CAROLYN M. BARKER | | |

I hereby enroll in the Accidental Death plan underwritten by Liberty Life Insurance Company ( Company ) I authorize HomEq Servicing to add the premium to my loan payment  This authority is to remain in effect until I cancel it in writing to the insurance company or HomEq Servicing Institution  Coverage becomes effective on the Effective Date stated on the Certificate/Policy Schedule, provided the first premium is paid

By signing this form, I acknowledge receipt of the enclosed consumer protection disclosures

| Applicant's Signature | Date | Second Applicant's Signature (if applicable) | Date |
|---|---|---|---|
| X Jacob E Barker | 2-25-04 | X Judy L. Barker | 2-25-04 |

Agent's Signature _____
(See Back)
UAD (01 02)

0844 (5) DA2 40100 C005144 B040496

DB  MAR 09 2004
Plan   Mortgage AD 20

**EXHIBIT 4**

# Liberty

Liberty Life Insurance Co.   Box 789   Greenville, SC 29602-0789

## SCHEDULE

NAME OF INSUREDS :   JACOB E BARKER           AGE: 61

                     JUDY L BARKER            AGE: 50

CERTIFICATE NO.:   0044649665              EFFECTIVE DATE: MAY 01, 2004

BASIC DECREASING ACCIDENTAL
DEATH BENEFIT (INITIAL): $48,123          TERM PERIOD: 288 MONTHS


LENDER:              HOMEQ SERVICING CORPORATION
                     CHARLOTTE, NORTH CAROLINA

GROUP POLICYHOLDER:  GROUP INSURANCE PROTECTON TRUST

BENEFICIARY:         SEE DESIGNATION OF BENEFICIARY IN POLICY

SECONDARY BENEFICIARY: SEE DESIGNATION OF BENEFICIARY IN POLICY


| BASIC CERTIFICATE PLAN: | EFFECTIVE DATE | MONTHLY PREMIUM | EXPIRY DATE |
|---|---|---|---|
| DECREASING TERM ACCIDENTAL DEATH BENEFIT | 05-01-2004 | $8.66 | 05-01-2028 |

*[handwritten: NOT Joan Was 1997 to 2027]*

EXHIBIT 5

Wells Fargo Home Mortgage
Return Mail Operations
P.O. Box 10368
Des Moines, IA 50306-0368



Wells Fargo Home Mortgage Loan Number: 0508198579
HomEq Servicing Loan Number: 0086938305

T207 00002139   49   6139   2
JACOB E BARKER
JUDY L BARKER
10 BARKER RD
MORRILTON, AR 72110

Dear JACOB E BARKER,
    JUDY L BARKER,

August 31, 2010

We are pleased to welcome you as a Wells Fargo Home Mortgage customer. As of September 1, 2010, HomEq Servicing will transfer the servicing of your mortgage to Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., one of the nation's leading lenders and servicers of residential mortgages.

Since you may have questions regarding this change to your mortgage servicing, we're providing you with information to help make this transition easier for you. Rest assured, this does not affect any terms or conditions of your mortgage, including the due date of any payments. This transfer simply affects provisions for the servicing of your mortgage, such as where you send your payments. Please read the reverse side of this letter - **The Notice of Assignment, Sale or Transfer of Servicing Rights provides you with important required Real Estate Settlement Procedures Act (RESPA) information.**

You can rely on us to provide you with the quality service you deserve and to make this a smooth transition. Please see the important information to the right for key details on your mortgage and refer to the enclosed Q&A document that provides answers to frequently asked questions about the transfer.

**Payment Information**
Beginning September 1, 2010, Wells Fargo Home Mortgage becomes responsible for processing your mortgage payments. **HomEq Servicing will apply payments to your mortgage if received prior to September 1, 2010, or if received on or after that date will forward to Wells Fargo Home Mortgage.** Attached to the bottom of page 2 is a payment coupon for your next mortgage payment. If you already made this payment to HomEq Servicing, they will forward the payment to Wells Fargo Home Mortgage (please disregard this coupon).

Each month, we'll send you a billing statement reflecting your most recent payment with a coupon for your next payment. Whenever you include additional funds with your payment, please write on the coupon how you'd like us to apply the additional funds. If you are currently paying your mortgage through a third party bill pay service, you need to contact them to change the payee on your account to Wells Fargo Home Mortgage. Also, have them update their records with your new mortgage loan number effective September 1, 2010.

If you'd like the convenience of having your mortgage payment automatically deducted from a bank account of your choice, consider enrolling in one of our free *Preferred Payment Plan*<sup>SM</sup> options. With this automatic mortgage payment plan, you choose the electronic withdrawal schedule that meets your pay schedule. To learn more, please review the information on the next page.

If you have credit life insurance or optional products on your mortgage, your coverage will continue and there is no action required from you.

We're happy to have you as our customer and the opportunity to meet your home financing needs. To learn more about your mortgage transfer, please refer to the important information box, the enclosed Q&A, or go to www.wellsfargo.com/mortgagewelcome. We'll be happy to answer any questions you may have.

Sincerely,

*Leesa Whitt-Potter*
Leesa Whitt-Potter
Senior Vice President
Wells Fargo Home Mortgage

(continued on page two)

**Important Information**

Loan Servicing Transfer Date:
September 1, 2010

Wells Fargo Home Mortgage
Loan Number:
0508198579

Mail your loan payments
on or after September 1, 2010:
Wells Fargo Home Mortgage
PO Box 660455
Dallas TX 75266-0455

For more information:
- Review the enclosed Q&A document
- Visit www.wellsfargo.com/mortgagewelcome

Inquiries and Questions
Prior to September 1, 2010:
HomEq Servicing Customer Service
(877)867-7378
(Central Time, toll-free)
Mon. - Fri. 7:00 a.m. - 7:30 p.m.

On or after September 1, 2010*:
Wells Fargo Home Mortgage
Customer Service
(800) 734-4028
(Central Time, toll-free)
Mon. - Fri. 6 a.m. - 10 p.m.
Sat. 8 a.m - 2 p.m

*Note: Specific account information will not be available until September 3, 2010. Please refer to the enclosed Q&A brochure for more information.

EXHIBIT 6

Together we'll go far





Return Mail Operations
PO Box 14411
Des Moines, IA 50306-3411

Statement date 08/08/13
Loan number 0508198579
Property address
10 BARKER RD
MORRILTON AR 72110

**Customer Service**

Fax
1-866-278-1179

Online
wellsfargo.com

Telephone
1-866-234-8271

Correspondence
PO Box 10335
Des Moines, IA 50306

Hours of operation
Mon - Fri 6 a.m. - 10 p.m
Sat 8 a.m. - 2 p.m. CT

Payments
PO Box 660455
Dallas TX 75266

Purchase or refinance
1-866-867-3026

1AT  06525/054525/006525 0179  1 ACQK7S 708

JUDY L BARKER
JACOB E BARKER DECEASED
10 BARKER RD
MORRILTON, AR 72110-9195

We accept telecommunications relay service calls.

**Important messages**
Energize with home improvements
Before making any major home improvement purchases, be sure to educate yourself on state, local, utility and federal incentives for renewable energy efficiency by visiting http://energy.gov/savings.

## Summary

| | | | |
|---|---|---|---|
| Payment (principal and/or interest) | $461.03 | Unpaid principal balance | $39,956.47 |
| Optional product(s)² | $14.39 | (Contact Customer Service for your payoff balance) | |
| | | Interest rate | 10.500% |
| Total payment due 09/01/13 | $475.42 | Interest paid year-to-date | $2,831.04 |

## Activity since your last statement

| Date | Description | Total | Principal | Interest | Escrow | Other |
|---|---|---|---|---|---|---|
| 08/08 | Payment | $475.42 | $110.44 | $350.59 | | Opt product $14.39 |
| | Accidental Death - 20% | $8.66 | DisasterRecoveryPlan | $5.73 | | |

---

*Please detach and return with your payment*

| | |
|---|---|
| Loan number | 0508198579 |
| Current monthly payment due | $475.42 |
| Total payment due 09/01/13 | $475.42 |
| After 09/16/13 a late charge may apply | $23.05 |

*Check here and see reverse for address correction.*

JUDY L BARKER
JACOB E BARKER DECEASED
06525/054525/006525 0179  1 ACQK7S 708

WELLS FARGO HOME MORTGAGE
PO BOX 660455
DALLAS TX 75266-0455

**EXHIBIT 7**



*This came first*


EXHIBIT G

## ATHENE
Athene Annuity & Life Assurance Co. PO Box 788 Greenville SC 29602 0789 Customer Service 1-800-845-9265

**HEREBY GIVES NOTICE** — THE FOLLOWING POLICY HAS BEEN LAPSED DUE TO LOAN PAYOFF

**NOTICE OF LAPSE**

| POLICY/CERTIFICATE NUMBER | NAME OF INSURED | DATE OF ISSUE |
|---|---|---|
| 4464966S | BARKER, JACOB E<br>BARKER, JUDY L | 05/01/2004 |

ACCOUNT NUMBER    341

INITIAL AMOUNT    $48,122

DATE PAID THRU    06/30/2013

CUSTOMER ID    HWHFRKZXJV

JACOB E BARKER
10 BARKER RD
MORRILTON, AR
72110

*This was second to came*



## Request for Cancellation

We hereby request that Policy/Certificate Number 004464966S, issued by Athene Annuity & Life Assurance Company, Greenville, South Carolina, be terminated as of the first day of the month following the date of this request.

In consideration of the signatures below, we do hereby release and discharge Athene Annuity & Life Assurance Company, its successors and assigns from all claims, liability, and demands whatsoever, by reason of and under and by virtue of said policy.

Dated at 6:11 AM this 8 day of JUNE, 2013.

_Evelyn Cunningham_    death 5-14-2013
WITNESS                INSURED, Jacob E. Barker (Death Certificate on File)
                       _Jacob E. Barker_
_Evelyn Cunningham_    _Judy L. Barker_
WITNESS                INSURED, Judy L. Barker

*For payoff on home*

EXHIBIT 10